United States District Court
Southern District of Texas
**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL BOYD CROWLEY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00218 |
| | § | |
| B. COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM & RECOMMENDATION**

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 21). The M&R recommends that the Court retain some claims and dismiss others. *See id.* at 136–145.

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 842 F.2d 419, 421 (5th Cir. 1987) (citation and internal quotation marks omitted).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). Furthermore, having previously authorized district courts to expeditiously adopt a magistrate's recommendation, *McGill v. Goff*, 17 F.3d 729, 731–32 (5th Cir. 1994) (permitting a district court to adopt a magistrate's recommendation one day after receiving it and before objections were filed), the Fifth

Circuit has also authorized district courts to adopt a magistrate's recommendation without providing detailed analysis. *See Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 382 (5th Cir. 2004) (affirming a district court's two-sentence order adopting a magistrate's recommendation for summary judgment).[1]

After considering Plaintiff's objections and reviewing the M&R de novo, the Court **OVERRULES** Plaintiff's objections and addendum, (D.E. 29), and **ADOPTS** the findings and conclusions of the M&R. (D.E. 21).

Accordingly, the Court **RETAINS** the following claims:

- Plaintiff's Eighth Amendment claims related to the implementation of heat mitigation measures set forth in AD-10.64, the policy or custom of understaffing each prison unit, and the 24/7 building schedule policy—which remain ongoing at Plaintiff's current housing assignment—against TDCJ's current Executive Director Bobby Lumpkin in his official capacity for declaratory and injunctive relief;

- Plaintiff's Eighth Amendment deliberate indifference claims of supervisory liability against Executive Director Collier, Regional Director Holmes, and Warden Amonett in their individual capacities for putting into place policies that resulted in inadequate staffing levels at the McConnell Unit during the summers of 2023 and 2024;

- Plaintiff's Eighth Amendment deliberate indifference claims against Lt. Dougherty, Sgt. Hampson, and Sgt. Martinez in their individual capacities for allegedly denying him respite, a cool shower, and/or medical attention on June 4, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claims against Capt. Herbst, Lt. Bliedrey, Lt. Dougherty and Sgt. Martinez, and unknown correctional officers in their individual capacities for allegedly denying him respite, a cool shower, and/or medical attention on June 18, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claims against Sgt. Martinez and Officer Chapa in their individual capacities for allegedly denying him respite and/or access to medical on June 26, 2023;

---

[1] Specifically, the Fifth Circuit stated that "because the magistrate here made only legal findings on a summary judgment motion, the district court was permitted to issue an abbreviated order adopting [the recommendation]." *Habets*, 363 F.3d at 382. The Court finds that the principles animating the Fifth Circuit's decision apply with equal force here: (1) "the record was available to the district court a full 20 days before the court issued its order"; (2) "the magistrate here made no involved findings of fact . . ."; (3) "the magistrate here provided a thorough analysis to support its recommendation"; and (4) "the district court had a complete record of the magistrate's proceedings." *See id.* (citations omitted).

- Plaintiff's Eighth Amendment deliberate indifference claim against Sgt. J. Perez in his individual capacity for allegedly denying him respite on July 19, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer Sanchez in his individual capacity for allegedly refusing Plaintiff medical attention on July 22, 2023, after being sent to medical by another officer;

- Plaintiff's Eighth Amendment deliberate indifference claims against Sgt. Ramirez, Officer Sanchez, and an unknown correctional officer in their individual capacities for allegedly denying him access to respite and medical attention on July 30, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claim against Sgt. Austin in his individual capacity for allegedly denying Plaintiff respite on September 7, 2023, a day that fell during a brutal heart wave and fell on the first day after Plaintiff was moved from a climate-controlled living area;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer (or sergeant) Raone in his individual capacity for allegedly denying Plaintiff respite and a cool shower on September 21, 2023, despite having shown him his heat restrictions;

- Plaintiff's Eighth Amendment deliberate indifference claims against Officer Rangel, Officer Haso, and an unknown captain in their individual capacities for allegedly denying Plaintiff respite on May 20, 2024;

- Plaintiff's First Amendment freedom of expression claims against Lt. Dougherty, Sg. Ralphs, and Sgt. Austin in their individual capacities in connection with the tearing down and destruction of "need respite" and/or "need medic" signs on June 4, 2023, June 16, 2023, and June 18, 2023, respectively;

- Plaintiff's retaliation claim against Sgt. Ramirez in her individual capacity for filing a false disciplinary case against Plaintiff on July 30, 2023;

- Plaintiff's retaliation claim against Officer Oki in her individual capacity for filing a false disciplinary case against Plaintiff on June 3, 2024;

- Plaintiff's retaliation claim against Sgt. Tiamiyu's and Officer Gbrrjh in their individual capacities for filing a false disciplinary case against Plaintiff on August 8, 2024; and

- Plaintiff's failure-to-accommodate claims under the ADA and RA against Regional Director Holmes, Warden Amonett, Assistant Warden Samaniego, Assistant Warden Flannell, Maj. Masters, Capt. Cavazos, Captain Herbst, and Law Library Thompson in their official capacities.

The Court **DISMISSES without prejudice** the following claims:

- Plaintiff's § 1983 claims for money damages against each named or unknown defendant sued in his or her official capacity;

- Plaintiff's Eighth Amendment claims against every named and unknown defendant in their official capacities (with the exception of Plaintiff's Eighth Amendment claim noted above against Executive Director Lumpkin in his official capacity) for declaratory and injunctive relief; and

- Plaintiff's First and Fourteenth Amendment claims as moot against every named and unknown defendant in their official capacities for declaratory and injunctive relief;

The Court **DISMISSES with prejudice** the following claims:

- Plaintiff's Eighth Amendment claims of supervisory liability—based on failure to train or supervise subordinate staff as well as allowing subordinate staff to deviate from AD-10.64 policies—against Regional Director Holmes, Warden Amonett, Assistant Warden Samaniego, Assistant Warden Flannel, Capt. Cavazos, Capt. Herbst, and Capt. Wilkens in their individual capacities;

- Plaintiff's Eighth Amendment deliberate indifference claim—based on putting into place policies that resulted in inadequate staffing levels at the McConnell Unit during the summers of 2023 and 2024—against Assistant Warden Samaniego and Assistant Warden Flannell in their individual capacities;

- Plaintiff's Eighth Amendment deliberate indifference claim—based on failing to provide cups and/or water (as well as denying access to the bathroom) while Plaintiff attended the McConnell Unit law library—against Law Librarian Thompson, Warden Amonett; Assistant Warden Samaniego; Assistant Warden Flannel, and Capt. Cavazos, and unknown officers in their individual capacities;

- Plaintiff's Eighth Amendment deliberate indifference claim—based on his placement in respite in air-conditioned respite cages during the summer of 2023 and September 4, 2024—against Sgt. J. Perez, Sgt. Ralphs, Sgt. Martinez, Officer Chapa, and Maj. Masters in their individual capacities;
- Plaintiff's Eighth Amendment deliberate indifference claims against several unknown officers in their individual capacities for allegedly denying him respite and cool showers on three occasions on June 4, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claim against Sgt. Ralphs in his individual capacity for allegedly denying Plaintiff unspecified measures under AD-10.64 on June 16, 2026;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer Liserio in his individual capacity for allegedly refusing to provide Plaintiff with respite on June 24, 2023, despite Plaintiff having posted a "need respite" sign on his cell door;

- Plaintiff's Eighth Amendment deliberate indifference claims against Sgt. Martinez, Officer Chapa, and an unknown officer in their individual capacities for allegedly denying Plaintiff respite and a medical screening on June 24, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claim against unknown officers in their individual capacities for allegedly denying Plaintiff respite all day on July 14, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claim against an unknown female officer in her individual capacity for allegedly denying Plaintiff respite at 5:15 p.m. and 6:05 p.m. on July 17, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claim against unknown officers in their individual capacities for allegedly denying Plaintiff respite all day long on both July 24 and July 25, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claims against Sgt. Austin, Lt. Dougherty, Officer Reeves, and unknown officers in their individual capacities for allegedly denying Plaintiff respite and cool showers everyday (with the exception of the claim against Sgt. Austin discussed above in connection with the denial of respite on September 7, 2023) between September 7 and 17, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer Liserio in his individual capacity for allegedly denying Plaintiff respite and a medical screening at 5:15 p.m. on September 18, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claims against Officer Liserio and an unknown officer in their individual capacities for allegedly denying Plaintiff respite and a cool shower at 4:49 p.m. and 7:27 p.m. on September 19, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claim against an unknown sergeant in his or her individual capacity for allegedly denying Plaintiff respite and a cool shower at 8:45 p.m. and 9:58 p.m. on September 20, 2023;

- Plaintiff's Eighth Amendment deliberate indifference claims against Sgt. Ms. Perez and Officer Lopez in their individual capacities for allegedly denying Plaintiff respite at 7:55 p.m. on May 4, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer Oki in her individual capacity for allegedly ordering Plaintiff to leave respite in the 10 Building and return to his cell on May 24, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer Oki in her individual capacity for allegedly ordering Plaintiff to leave respite on June 3, 2024, because Officer Oki had initiated an ICS;

- Plaintiff's Eighth Amendment deliberate indifference claims against Sgt. Mr. Perez, unknown officers, and an unknown sergeant in their individual capacities for allegedly ordering Plaintiff to leave respite on June 3, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Sgt. Mr. Perez in his individual capacity for allegedly refusing to allow Plaintiff to go to another respite area on June 3, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claims against Sgt. Gallaway and an unknown officer in their individual capacities for allegedly denying Plaintiff respite on June 4, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claims against Sgt. Gallaway, Officer Contrerrez, and an unknown officer in their individual capacities for allegedly denying Plaintiff respite on June 5, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Sgt. Gallaway in his individual capacity for allegedly denying Plaintiff respite on June 6, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claims against Officer Lopez and an unknown officer in their individual capacities for allegedly denying Plaintiff respite on June 12 and 15, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer Alonso in his individual capacity for allegedly denying Plaintiff respite at 1:00 p.m. on June 28, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer De La Cruz in his individual capacity for allegedly denying Plaintiff respite at 2:55 p.m. on June 28, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Capt. Wilkens in his individual capacity for allegedly denying Plaintiff respite at 8:50 p.m. on June 29, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against an unknown officer in his or her individual capacity for allegedly denying Plaintiff respite at 9:10 p.m. and 9:20 p.m. on June 29, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer Ms. Perez in her individual capacity for allegedly denying Plaintiff respite at 10.25 p.m. on June 29, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer De La Cruz in his individual capacity for allegedly denying Plaintiff respite at 11.50 p.m. on June 29, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Officer Florez in his individual capacity for allegedly denying Plaintiff respite at noon on June 30, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against an unknown officer in his or her individual capacity for allegedly denying Plaintiff respite at 2.00 p.m. on June 30, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against an unknown officer in his or her individual capacity for allegedly denying Plaintiff respite at 9:25 p.m. on June 30, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Sgt. Montavius in his individual capacity for allegedly denying Plaintiff respite on July 7, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against an unknown official in his or her individual capacity for allegedly denying Plaintiff respite at 2:30 p.m. and 6:00 p.m. on July 14, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against an unknown officer, cryptically named "Carbov", in his or her individual capacity for allegedly denying Plaintiff respite at 1:15 p.m. on July 21, 2024 and for kicking Plaintiff out of respite sometime after 2:00 p.m. later that day;

- Plaintiff's Eighth Amendment deliberate indifference claim against an unknown official in his or her individual capacity for allegedly denying Plaintiff respite at 3:10 p.m. and the rest of the day on July 23, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against an unknown official in his or her individual capacity for allegedly denying Plaintiff respite at 2:15 p.m. on August 1, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Sgt. Alanis in his individual capacity for allegedly denying Plaintiff respite sometime later in the afternoon on August 1, 2024;

- Plaintiff's Eighth Amendment deliberate indifference claim against Sgt. Tiamiyu in his individual capacity for allegedly denying Plaintiff's request to another respite area around 6:00 p.m. on August 8, 2024 and instructing Plaintiff to go outside;

- Plaintiff's retaliation claim—based on the denial of water and a cup (as well as access to the bathrooms) in the law library during dangerous summer heat conditions in retaliation for complaining about using the law library and exercising his right to petition the government—against Law Librarian Thompson, Warden Amonett, Assistant Warden Flannell, Assistant Warden Samaniego, Capt. Cavazos, and unknown rank officers in their individual capacities;

- Plaintiff's retaliation claims—based on various incidents during the summer of 2023 and 2024 where he was denied respite, medical, cool showers, and other heat-mitigation measures in retaliation for lodging complaints to prison officials and the Court—against Capt. Herbst, Capt. Wilkens, Lt. Bleidrey, Lt. Dougherty, Sgt. Ralphs, Sgt. J. Perez, Sgt. Austin, Sgt. Ramirez, Sgt. Hampson, Officer Liserio, Sgt. Ms. Perez, Sgt. Tiamiyu, Sgt. Galloway, Sgt. Montavius, Sgt. Mr. Perez, Officer Chapa, Officer Sanchez, Officer Raone, Officer Oki, Officer Contrerrez, Officer Alonso, Officer Lopez, Officer De La Cruz, Officer Ms. Perez, Officer Florez, Officer Gbrrjh, unknown correctional officers, and unknown rank officers in their individual capacities;

- Plaintiff's retaliation claim—involving the acts of sending Plaintiff to a small cage for respite in June and July of 2023 in retaliation for filing complaints, ombudsman complaints, and grievances—against Maj. Masters, Sgt. J. Perez, Sgt. Ralphs, Sgt. Martinez, Officer Chapa, and unknown rank officials in their individual capacities;

- Plaintiff's retaliation claim—based on various actions committed by Sgt. Martinez during the summer of 2023 in retaliation for complaining and filing grievances—against Sgt. Martinez in her individual capacity;

- Plaintiff's retaliation claim—for confiscating and destroying his mini-forest green notebook (which he had been carrying with him since June 4, 2023) on July 11, 2023 in retaliation for complaining and filing grievances—against unknown officers in their individual capacities;

- Plaintiff's retaliation claims—in placing Plaintiff in a small respite cage on June 20, 2023 and forcing Plaintiff to leave respite on July 30, 2023—against Sgt. Ramirez in her individual capacity;

- Plaintiff's retaliation claim—in kicking Plaintiff out of respite on June 3, 2024—against Officer Oki in her individual capacity;

- Plaintiff's retaliation claim—in kicking Plaintiff out of respite and denying his request to go to another respite area on August 8, 2024—against Sgt. Tiamiyu in his individual capacity;

- Plaintiff's retaliation claims—involving his placement in a small cage and subsequent filing of a false disciplinary case against him in early September 2024—against Capt. Cavazos, Sgt. Ralphs, and Officer Melchor in their individual capacities;

- Plaintiff's claims for failure to prevent retaliatory acts committed by subordinate employees against Warden Amonett, Assistant Warden Samaniego, and Assistant Warden Flannell in their individual supervisory capacities;

- Plaintiff's First Amendment denial-of-access-to-courts claim— when they, on July 11, 2023, confiscated and destroyed the legal work product contained in his notebook—against unknown correctional officers in their individual activities;

- Plaintiff's Fourteenth Amendment due process claims—regarding the failure to call Plaintiff to attend an August 18, 2023 disciplinary hearing, failure to present a defense for Plaintiff at the hearing by calling witnesses on his own behalf, intentional denial of effective substitute counsel, and failure to provide him with a written disposition—against Substitute Counsel Gonzales and unknown officers in their individual capacities;

- Plaintiff's Fourteenth Amendment equal protection claim—in connection with the August 2023 disciplinary proceeding, including the August 18, 2023 disciplinary hearing—against unknown rank officials in their individual capacities;

- Plaintiff's Fourteenth Amendment equal protection claims—in connection with officials' actions in denying Plaintiff access to certain heat-mitigation measures during the summers of 2023 and 2024—against unknown correctional officers in their individual capacities; and

- Plaintiff's failure-to-accommodate claims under the ADA and RA against all of the named and unknown defendants in their individual capacities.

Also pending is Defendants' motion to stay responsive pleadings deadline pending the Court's ruling on the M&R and Plaintiff's objections to same. (D.E. 32). After review, the Court **GRANTS** the motion.[2] (D.E. 32). Defendants **SHALL** file a responsive pleading **on or before August 31, 2026.**

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
August 24th, 2026

[2] The Court **TERMINATES** the motion's referral to Judge Hampton.